INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY V.
JIM LOGAN.

Decided June 2, 1904.

1.—Railroads—Employe—Medical Attention—Charge.

In suit by an injured railway employe for discharging him from the company's hospital before recovery, in violation of an undertaking to furnish him medical attention, a charge permitting him to recover for time lost "caused by such injury" was erroneous; "injury" in its natural sense would be taken as the wound to the foot, and not the denial of surgical treatment which, alone, was complained of.

2.—Same—Charge.

An action for damages for refusing plaintiff medical treatment contracted for does not involve or call for a charge on the degree of care required in furnishing such treatment.

Appeal from the County Court of Harris. Tried below before Hon. Blake Dupree.

*J. A. Read,* for appellant.

*E. T. Branch* and *Brockman & Kahn,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This is a suit for damages brought by the appellee against the appellant. The cause of action set out in the petition is, in substance, that plaintiff, who was an employe of the defendant, while in the performance of his duties as such employe received an injury to his foot which required medical attention and treatment; that under his contract of employment the defendant obligated itself to furnish plaintiff with medical attention and treatment in event he should become injured while in its service; that in accordance with its said contract the defendant conveyed plaintiff after he had received said injury to a hospital maintained by defendant at Palestine, Texas, for the care and treatment of its injured employes; that after plaintiff had been kept at said hospital and his injuries treated by physicians employed by defendant for about sixteen days the defendant refused to longer furnish him with medical care and treatment, and negligently and in violation of its said contract with plaintiff discharged him from the hospital before he had recovered from his injury; that by reason of defendant's violation of its said contract plaintiff's recovery from his injury was greatly retarded and his mental and physical suffering greatly increased, and he was compelled to incur the expense of procuring medical treatment for his said injury. The prayer of the petition is for the recovery of damages for the loss of time, suffering and expenses caused plaintiff by the wrongful act of the defendant in failing to comply with its contract.

The defendant answered by general demurrer and general denial and special pleas in which it was averred that plaintiff's discharge from the hospital was caused by his refusal to obey the reasonable and nec-

essary rules established for the government of said hospital and the protection of the patients therein, and that plaintiff's contributory negligence in failing to properly care for his injured foot greatly aggravated his injuries and was the direct cause of the damages sought to be recovered in this suit.

The trial in the court below by a jury resulted in a verdict and judgment in favor of plaintiff in the sum of $250. The court's charge upon the measure of damages was as follows:

"If you find for the plaintiff you will find for him for such an amount as from the evidence you believe will compensate him for the loss of time, if any, caused by such injury; also such an amount as from the evidence you believe would be a reasonable sum for the medical attention and treatment; also such an amount as from the evidence you believe will compensate him for his mental and physical suffering caused by the want of proper care and medical attention, if any, by the defendant to the plaintiff."

Appellant assails this charge upon the ground that it authorized the jury to award appellee damages for all of the time lost by him on account of his injury, when under the pleadings and evidence he was only entitled to recover for the time lost by reason of the failure of appellant to comply with its contract to furnish him with medical care and treatment.

We think this objection to the charge should be sustained. The suit is not one for the recovery of damages for the original injury to plaintiff's foot. Neither the pleadings nor the evidence authorized a recovery for the time lost by appellee on account of said injury except such as was lost by him by reason of the failure of appellant to comply with its contract to furnish appellee with medical care and attention. We think this charge clearly authorized the jury to award damages for all of the time lost by appellee on account of the injury to his foot, and the jury must have so understood it. The trial court may have intended by the use of the word injury to refer to the wrong done appellee by the failure of appellant to furnish him with medical care and treatment, but the obvious meaning of the word as used in the charge was the physical hurt or damage to appellee's foot. When the charge is considered as a whole this meaning of the word injury as used in the paragraph above quoted becomes more apparent, and we can not say the charge did not mislead the jury without violating the rule of construction which requires that words be given their usual and ordinary sense and meaning.

We deem it unnecessary to discuss the remaining assignments of error further than to say that the case presented by the pleadings did not call for any charge as to the degree of care required of appellant in furnishing appellee medical treatment for his injury. There is no claim for damages for improper or unskillful treatment, the only cause of action alleged being the refusal of appellant to allow appellee to remain in its hospital, and its failure to comply with its contract to fur-

nish him with medical treatment so long as his injury required such treatment.

Appellant did not defend on the ground that appellee was cured when he was discharged from the hospital or that he did not need further treatment, but contended that his discharge was justifiable because of his refusal to comply with the rules of the hospital.

As made by the pleading and evidence the only issues in the case as to appellant's liability were whether it contracted with appellee to furnish him with medical treatment as alleged in the petition, and if such contract existed, was his discharge from the hospital caused by his refusal to obey the reasonable rules of said hospital?

Because of the error in the charge above pointed out the judgment of the court below is reversed and the cause remanded for a new trial.

*Reversed and remanded.*